# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TROY DEVON TRAVIS,<br><br>Defendant. | Case No. CR13-0011<br><br>ORDER FOR PRETRIAL DETENTION |

On the 23rd day of September, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Mark C. Meyer.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 6, 2013, Defendant Troy Devon Travis was charged by Indictment (docket number 2) with being a felon in possession of a firearm. At the arraignment on September 20, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on November 18, 2013.

Neither party offered any evidence at the time of hearing. Instead, the Government relied on the information set forth in the pretrial services report. Defendant is 29 years old. He was born in Chicago, Illinois, and has lived there most of his life. Defendant's father is deceased and his mother resides in Chicago. He has no siblings. Defendant has never been married, but he has six children from four separate relationships. The children live with their mothers in Arkansas, California, and Cedar Rapids, Iowa. Prior to his arrest, Defendant was living with his girlfriend in Dubuque, Iowa.

Defendant is currently unemployed, although he told the pretrial services officer that in the last year he has worked on a regular basis through Sedona Staffing in Dubuque. Defendant suffers from asthma and uses an inhaler, but is in otherwise good health. He has no history of mental or emotional health concerns. Defendant told the pretrial services officer that he occasionally consumes alcohol and has smoked marijuana on a daily basis since age 13. Defendant claims, however, that he last used marijuana five months prior to his arrest in this case.

Defendant has an extensive prior criminal record starting at age 17, when he was convicted of aggravated assault with a weapon. While under supervision for that charge, Defendant was charged with battery, although the disposition of that case is unknown. In April 2003, at age 18, Defendant was convicted of manufacture/delivery of cocaine. While that charge was pending, Defendant was arrested twice for gambling.

In February 2004, while on probation on the drug charge, Defendant was arrested and subsequently convicted of criminal trespass to land and possession of cannabis. While the first criminal trespass charge was pending, Defendant was arrested three more times for the same offense. In fact, Defendant's fourth arrest for criminal trespass occurred just a few weeks after he received a deferred judgment on the second charge of criminal trespass.

In September 2005, while Defendant was on probation in the drug charge, conditional discharge on the fourth criminal trespass to land charge, and while a fifth criminal trespass to land charge was pending, Defendant was charged with battery/bodily harm. That charge was later stricken from the docket with leave to reinstate.

On April 23, 2006, Defendant was charged in Cook County with possession of a controlled substance. He was sentenced on June 8, 2006 to one year in prison. On September 9, 2006, Defendant was charged and later convicted of possession of cannabis.

Defendant's prison term was discharged on August 23, 2007. In 2009, Defendant's bail bond was forfeited on a possession of cannabis charge and two driving offenses.

Defendant apparently moved to Linn County, Iowa, in 2010. Between August 26, 2010 and August 3, 2011, Defendant was charged and convicted in seven separate cases, including: possession of a controlled substance, assault, gathering for use of marijuana, public intoxication, possession of a controlled substance, second offense (twice), assault using or displaying a weapon, and harassment in the second degree. The first assault charge occurred after a warrant had been issued for Defendant's arrest for failing to appear on the possession of a controlled substance charge. Defendant apparently struck a female victim in the face and neck, causing her swelling and bruising. The second assault charge also involved Defendant striking a female victim several times in the head with his fist, while displaying a handgun. Defendant threatened to kill the second female victim.

Defendant then moved to Dubuque. On May 18, 2012, Defendant was arrested for public intoxication and provided officers with false identification. In August 2013, Defendant was charged with forgery and was recently sentenced to a five-year suspended prison term.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves

an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

4

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(E).

Regarding the second step, the Court knows the "nature" of the offense charged, but does not know the "circumstances" underlying the offense. Obviously, because the Government did not offer any evidence, the Court makes no judgment regarding the weight of the evidence.

The Court finds that Defendant does not have strong ties to the Dubuque community. Defendant is 29 years old and lived approximately the first 26 years in Chicago. He then lived in Cedar Rapids for about one year before moving to Dubuque. Defendant is unemployed. Other than his girlfriend, Defendant has no family in Dubuque.

Defendant has a lengthy criminal record, having been arrested for one thing or another nearly every year since age 16. Most importantly, Defendant has been arrested five times for violent offenses. He has been convicted of aggravated assault with a weapon, assault, and assault using or displaying a weapon. The disposition of one battery charge is unknown and a second battery/bodily harm charge was stricken from the docket with leave to reinstate. While the Court does not know the circumstances surrounding this

offense, there is at least probable cause to believe that Defendant possessed a rifle on March 24, 2012, despite the fact that he had previously been convicted of a felony. Many of Defendant's offenses occurred while he had other charges pending, or while under court supervision or probation. Defendant has one failure to appear for court proceedings and on another occasion gave officers false information regarding his true identity.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 20, 2013) to the filing of this Ruling (September 23, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 23rd day of September, 2013.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA